## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA
### THIRD DIVISION

Herbert Louis Carter,                                    Civil No. 07-4021 DSD/AJB

             Plaintiff,

v.                                              **REPORT AND RECOMMENDATION**
                                                **ON MOTIONS FOR DISMISSAL**
Anne Taylor, Darren Blauert,                    **AND SUMMARY JUDGMENT**
and Andrew Schmidt,

             Defendants.


       This action is before the United States Magistrate Judge, Arthur J. Boylan on

motion to dismiss by defendant Anne Taylor [Docket No. 17], and separate joint motion to

dismiss by defendants Darren Blauert and Andrew Schmidt [Docket No. 44].  Also before the

court are plaintiff's motion for summary judgment with respect to defendant Taylor [Docket No.

28], a motion for summary judgment with respect to defendant Blauert [Docket No. 49], and an

additional motion for summary judgment on claims against defendants Blauert and Schmidt

[Docket No. 53].  Plaintiff commenced this action on September 18, 2007, by filing a pro se

complaint for violation of civil rights under 42 U.S.C. § 1983.[1]  The pleading alleges

constitutional violations by defendants with respect to an application for a warrant to search the

plaintiff's residence.  Mr. Carter was arrested and detained in connection with the execution of

---

       [1]  Plaintiff Carter later filed a document captioned "Motion to File this Amended
Complaint, with Carters Reply Brief of Facts, and Memorandum of Law that was Submitted
April, 3rd 2008.  Reply to Defendant Taylor's Memorandum in Opposition to Carter's Motion for
Summary Judgment previously submitted" [Docket No. 39].  The motion to amend the complaint
is denied by separate order.  Nonetheless, the submission has been reviewed and considered as a
brief on motions relating to defendant Taylor.

the warrant, and evidence seized pursuant to the warrant was introduced at the trial in which plaintiff was convicted on charges of soliciting and promoting prostitution.

Plaintiff is a Minnesota state prisoner who is presently incarcerated at Prairie Correctional Facility in Appleton, Minnesota.  Defendant Taylor was the prosecuting attorney at plaintiff's trial; defendant Blauert is a Minneapolis Police Officer and was the affiant on the search warrant application; and defendant Schmidt is a Minneapolis Police Officer who was involved in the investigation and preparation of a criminal complaint.  The action has been referred to the magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  Defendant Ann Taylor is represented by Daniel Rogan, Senior Assistant Hennepin County Attorney.  Defendants Darren Blauert and Andrew Schmidt are represented by James A. Moore, Assistant Minneapolis City Attorney.

The complaint in this matter alleges that defendants' actions in regards to the search warrant and prosecution of the criminal case were in violation of Mr. Carter's due process and/or equal protection rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and states that the defendants are each sued individually and in their official capacities.  For his relief plaintiff seeks $19,310,000 in punitive and declaratory damages. Defendant Taylor moves for dismissal of the complaint on grounds that the plaintiff has not stated claims based upon constitutional injury; she is protected by absolute immunity from liability; and the claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994) (prohibiting claims on which a decision in the plaintiff's favor would imply the invalidity of his conviction or sentence).  Defendants Blauert and Schmidt likewise seek dismissal based upon the ruling in Heck v. Humphrey and failure to state a constitutional claim, and they further contend that

plaintiff's claims are barred by collateral estoppel.  For reasons discussed below, the magistrate judge recommends that the defendants' motions to dismiss be granted; that plaintiff's motions for summary judgment be denied; and that the complaint in this action be dismissed with prejudice.

## DISCUSSION

**Background and Claims**

Plaintiff Herbert Carter became the subject of an investigation into prostitution related activities in December 2004.  In the course of the investigation a warrant was issued authorizing the search of the upper unit of a duplex in Minneapolis, Minnesota.[2]  A combined warrant application and supporting affidavit was prepared and signed by defendant Darren Blauert, a Minneapolis Police Officer.  The affidavit stated that a confidential informant had recently advised the affiant that Carter was promoting prostitution and was using Carter's residence, the identified duplex upper unit, for prostitution purposes, as well as drug dealing activities.

The warrant was anticipatory in nature, allowing execution only after an undercover officer went to the residence under the guise of obtaining prostitution services and was offered sex for money.  On December 9, 2004, an undercover officer went to the residence with pre-recorded buy money.  He was admitted into the residence by a girl who led him upstairs to meet another woman, plaintiff's sister, who in turn collected a previously agreed upon $120

---

[2]  Affidavit of James A. Moore, Search Warrant and Supporting Application and Affidavit, Exh. 2 [Docket No. 47].  The search warrant documents and a criminal complaint referenced in this Report and Recommendation are reproduced in various locations in the court's file, including submissions by the plaintiff.  For purposes of convenience only, the court will typically make reference to the materials as exhibits to the Affidavit of James A. Moore.

fee.  The officer was "wired," and at the appropriate time he gave a signal to other officers to

commence executing the warrant.  As the waiting officers entered the upstairs residence, Carter

was observed running down a stairway.  He was forcibly apprehended while attempting to flee

out a back door, and was arrested by Officer Blauert.  During the flight and apprehension Carter

was observed dropping a $100 bill which was identified by serial number as part of the buy

money/fee payment, and additional recorded buy money was seized pursuant to searches of the

residence and plaintiff's car.  Meanwhile, Mr. Carter has a Minnesota driver's license which

expressly identifies the duplex's "lower unit" as his residence.

On December 10, 2004, the day following Mr. Carter's arrest, a Hennepin County

criminal complaint[3] was prepared and was signed by defendant Andrew Schmidt as the

complaining officer and defendant Anne Taylor as prosecuting attorney.  The complaint

expressly describes information obtained from a confidential informant, evidence obtained by an

undercover officer, and evidence seized in the execution of the search warrant, for the purpose of

establishing probable cause for Mr. Carter's arrest and detention on the alleged felony offense of

solicitation, inducement and promotion of prostitution.

In pretrial criminal proceedings in Hennepin County plaintiff Carter moved to

suppress evidence obtained as a result of the search warrant execution in December 2004.  The

Hennepin County District Court determined that there was sufficient reliable and corroborated

---

[3]  Affidavit of Mr. Herbert Louis Carter, Jr., Affidavit of Appendixes, Appendix E,
Criminal Complaint  [Docket No. 55].  The document is also filed as an exhibit to a
memorandum in support of the complaint [Docket No. 2].

evidence to establish probable cause for issuance of the warrant.[4]  Mr. Carter was convicted and

sentenced, and the conviction was affirmed on appeal.  State v. Carter, No. A05-1614, 2007 WL

582903 (Minn. Ct. App. Feb. 27, 2007) (unpublished opinion) (rev. denied, April 25, 2007).[5]

The appeal included a challenge to the search warrant probable cause, and the assertion that the

warrant affidavit contained material misrepresentations or omissions regarding the location of

Carter's residence.  Id.   Plaintiff thereafter filed an application for habeas corpus relief under 28

U.S.C. § 2254 on May 29, 2007.  The application was summarily dismissed based upon the

determination that the petitioner's search and seizure claims were barred in a federal habeas

corpus action under circumstances in which the State had provided an opportunity for full and

fair litigation of the claim.[6]  Stone v. Powell, 428 U.S. 465, 482 (1976).

        The complaint in this action alleges that the plaintiff's due process and equal

protection rights under the Fourth, Fifth, and Fourteenth Amendments were violated because

defendant Darren Blauert was aware that the plaintiff's correct residence address was the "lower

unit" in the duplex, as indicated on plaintiff's Minnesota state identification, and Blauert failed

to provide that information to the issuing court in his affidavit in support of a search warrant,

thereby rendering the warrant affidavit false.  The complaint further alleges that defendant

Andrew Schmidt violated plaintiff's due process liberty rights by drafting a criminal complaint

that likewise failed to state that Mr. Carter resided in the "lower unit," and defendant Anne

---

[4]   Affidavit of James A. Moore, Hennepin County District Court Findings of Fact, Conclusions of Law, Order & Memorandum, Exh. 3.

[5]  Affidavit of James A. Moore, Minnesota Court of Appeals opinion, Exh. 1.

[6]  Id., Report and Recommendation, Exh. 4 (adopted by Order dated July 16, 2007, District of Minnesota Civil File No. 07-2507 (DSD/AJB)).

Taylor violated the plaintiff's due process rights by failing to investigate and obtain

corroborating evidence regarding plaintiff's residence, and thereby allowing him to be

wrongfully prosecuted in light of the false information contained in the complaint and search

warrant.  Defendants now move to dismiss the complaint on grounds that the plaintiff's § 1983

claims are barred as a matter of law, and plaintiff moves for summary judgment on the

contention that the alleged fabrications by the defendants in regard to buy money and his

residence location establish that he is entitled to summary judgment on his claims.

**Standard of Review**

   **Rule 12 Motion to Dismiss.**  A complaint that is being challenged on motion to

dismiss pursuant to Fed. R. Civ. P. 12(b)(6) does not need to contain detailed factual allegations

to survive the motion, but a plaintiff is obligated to provide "more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action" in order to avoid dismissal.  Bell

Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007).[7]  Factual allegations must be

sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the

allegations in the complaint are true."  Twombly, 127 S.Ct. at 1965 (citing 5 C. Wright & A.

Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d Ed. 2004) ("[T]he pleading must

contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a

legally cognizable right of action.").  Moreover, a complaint is not adequate merely because the

pleading "left open the possibility that a plaintiff might later establish some 'set of undisclosed

---

  [7]  The Twombly standard of review on Rule 12(b)(6) motion to dismiss retires and
replaces the longstanding rule under which a claim survived "unless it appears beyond doubt that
the plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff]
to relief."  Holloway v. Lockhart, 792 F.2d 760, 761-62 (8th Cir. 1986) (citing Conley v. Gibson,
78 S.Ct. 99, 101-02 (1957).

facts' to support recovery." <u>Twombly</u>, 127 S.Ct. at 1968.  A complaint must contain sufficient facts to state a claim that is not merely conceivable, but rather, is plausible. <u>Id.</u> at 1974.  Also, it remains the case that a plaintiff cannot rely upon general and conclusory allegations to survive a Rule 12(b)(6) motion. <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985).

When reviewing a motion to dismiss the claim must be liberally construed, assuming the facts alleged therein to be true and drawing all reasonable inferences from those facts in the plaintiff's favor.  <u>Twombly</u>, 127 S.Ct. at 1964-65.  A complaint should not be dismissed simply because a court is doubtful that the plaintiff will be able to prove all of the factual allegations contained therein.  <u>Id.</u>  Accordingly, a well-pleaded complaint will survive a motion to dismiss  even where the likelihood of recovery appears remote.  <u>Id.</u> at 1965.

When matters outside the pleadings are presented with a Rule 12(b)(6) motion, and those matters are not excluded by the court, the motion should be treated as a Fed. R. Civ. P. 56 motion for summary judgment.  However, on a motion to dismiss for failure to state a claim, the court may consider extraneous materials that are outside the complaint if such materials are "necessarily embraced" by the pleadings. <u>Piper Jaffray v. Nat'l Union Fire Insur. Co.</u>, 967 F.Supp. 1148, 1152 (D. Minn. 1997) (citing <u>Vizenor v. Babbitt</u>, 927 F.Supp. 1193, 1198 (D. Minn. 1996)).  <u>See also</u>  <u>Parnes v. Gateway 2000, Inc.</u>, 122 F.3d 539, 546 n.9 (8th Cir. 1997). Materials which are necessarily embraced by pleadings may include copies of underlying pleadings and documents incorporated by reference.  <u>Piper Jaffray</u>, 967 F. Supp at 1152.  In addition, materials which are public record may be considered in deciding a motion to dismiss. <u>E.E.O.C. v. Am. Home Prod., Corp.</u>, 199 F.R.D. 620, 627 (N.D. Iowa 2001) (citing <u>Missouri ex rel. Nixon v. Coeur D'Alene Tribe</u>, 164 F.3d 1102, 1107 (8th Cir. 1999)).  On the other hand,

7

"written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleading," may be construed as "matters outside the pleadings," requiring treatment of the motion as one for summary judgment. Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 948 (8th Cir. 1999).

In support of their respective motions to dismiss, defendant Taylor has submitted the Affidavit of Daniel Rogan, and defendants Blauert and Schmidt have submitted the Affidavit of James Moore.  The Rogan and Moore affidavits are offered solely to introduce exhibits[8] which are central to the claims in this case.  Meanwhile, plaintiff previously filed the same search warrant materials and the same criminal complaint along with his initial § 1983 complaint. Review of the pleadings and the documents provided by defendant reveals that the material is either public record or has been incorporated into the complaint by way of attachment and direct reference.  Likewise, plaintiff's affidavit submissions are matters of public record.  In addition, plaintiff asserts no objection to the court's consideration of the materials for purposes of the Rule 12 motion to dismiss.  Neither the plaintiff's nor the defendants' extraneous submissions in support of their respective arguments on dismissal pursuant to Rule 12(b)(6) compel the court to address the motions to dismiss under Rule 56, and the court has reviewed the materials in the context of a Rule 12 motion only.

**Rule 56.**  Plaintiff Herbert Carter has served and filed multiple motions for summary judgment in this matter.  Summary judgment is appropriate where there is no genuine

---

[8]  Both affidavits present the Minnesota Court of Appeals opinion on plaintiff's direct appeal; the search warrant and supporting affidavit at issue in this case; the Hennepin County District Court findings, conclusions, and order on defendant motion to suppress search and seizure evidence; and the Report and Recommendation on Carter's application for federal habeas corpus relief.

issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R.

Civ. P. 56©.  The moving party has the initial responsibility of demonstrating that there is no

genuine issue of material fact to be decided.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106

S.Ct. 2548, 2553 (1986).   When a motion for summary judgment has been made and supported

by the pleadings and affidavits as provided in Rule 56©, the burden shifts to the party opposing

the motion to proffer evidence demonstrating that a trial is required because a disputed issue of

material fact exists.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106

S.Ct. 1348, 1356 (1986).  In satisfying this burden, however, the non-moving party must do more

than simply establish doubt as to the material facts.  The party opposing summary judgment may

not "rest upon the mere allegations or denials of the adverse party's pleading, but  . . .  must set

forth specific facts showing that there is a genuine issue for trial."  Matsushita, 106 S.Ct. at 1355,

n.11; Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).  Fed. R. Civ. P. 56(e).  Pro

se pleadings are held to a less stringent standard than attorney drafted pleadings.  Haines v.

Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596 (1972).  However, the party opposing the

motion still must present evidence to defeat a properly supported summary judgment motion and

may not rely upon conclusory allegations and unsupported assertions.  Dunavant v. Moore, 907

F.2d 77, 80 (8th Cir. 1990).

**Eleventh Amendment Immunity**

The complaint in this matter states that "[e]ach defendant is sued individually and

in his or her official capacity."[9]  In an action under 42 U.S.C. § 1983 a public servant may be

sued in an official capacity, an individual capacity, or both.  Johnson v. Outboard Marine Corp.,

---

[9]  Complaint, ¶ 6, page 2.

172 F.3d 531, 535 (8th Cir. 1999).  A suit against a public employee in that person's official

capacity is merely a suit against the public employer.  Id. (citing Kentucky v. Graham, 473 U.S.

159, 165, 105 S.Ct. 3099, 3105-06 (1985)).  The Eleventh Amendment protects the State and

arms of the State from liability for damages in a § 1983 action.  This same immunity extends to

state officials who are named as defendants in a § 1983 action where the suit is brought against

an individual acting in an official capacity.  In such a case the action is not against the person but

is against the office and is no different from a suit against the State itself.  See  Hafer v. Melo,

502 U.S. 21, 25-26, 112 S.Ct. 358, 361-62 (1991); Will v. Mich. Dep't of State Police, 491 U.S.

58, 71, 109 S.Ct. 2304, 2312 (1989).  The court finds no basis upon which to conclude that the

state has waived its Eleventh Amendment immunity from suit under the circumstances presented

in this case.  Claims against the individually named defendants are barred by the Eleventh

Amendment to the extent plaintiff seeks monetary damages for actions taken in an official

capacity.[10]

**Constitutional Causes of Action against Individuals**

The mixed factual and legal premise upon which plaintiff's claims rest in this

matter is that a search warrant was obtained on the basis of an affidavit that was false because

the affidavit did not expressly state that his residence was in fact the "lower unit" of the search

residence, and that this omission caused him to be deprived of due process and equal protection

rights under the Fourth, Fifth, and Fourteenth Amendments.  Indeed, Mr. Carter's arguments,

---

[10]  The determination with respect to Eleventh Amendment immunity does not provide a
basis for a decision with respect to defendants' liability for monetary damages in their individual
capacities and does not prejudice the plaintiff with regard to claims against individual
defendants, though dismissal of the claims against individuals is appropriate on other grounds.

and his causes of action, are dependent entirely upon his insistence that the warrant affidavit omitted the Minnesota identification card residence information.  Meanwhile, he has failed to establish the legal materiality of his false fact assertion with regard to his constitutional claims, and in particular, plaintiff provides no comprehensible identification of any Fourth Amendment issues, apart from the criminal case search and seizure claims.  Moreover, he does not identify or reference any discriminatory investigative or prosecutorial actions whatsoever, and wholly fails to describe the significance of any facts in the context of equal protection under the Fifth and Fourteenth Amendments.

**Issue Preclusion.**  Defendants Blauert and Schmidt contend that claims against them in this case are barred by collateral estoppel.  It is argued that the search warrant issues now presented by the plaintiff were raised and decided in the prior criminal proceedings and therefore are not subject to re-litigation in this § 1983 civil rights action.  In his complaint plaintiff states that defendant Blauert made a false representation regarding plaintiff's address in a search warrant application and that "Officer blauert's misconduct, deprived Carter, of his liberty, pursuant to a warrant that did not conform to the requirements of the fourth amendment, which deprived Carter his liberty without due process, violated the Fourth, Fifth and Fourteenth Amendments."[11]  Similarly, plaintiff contends that  Sergeant Schmidt deprived him "of his liberty without due process of law because [he] was deprived of [his] liberty pursuant to a warrant[12] that did not conform to the requirements of the Fourth, Fifth, and Fourteenth

---

[11]  Complaint, ¶ 14, pp. 3-4.

[12]  Plaintiff refers to the Criminal Complaint as an "Arrest Complaint" as well as an "arrest warrant."  Mr. Carter was arrested during execution of the search warrant, based upon probable cause evidence obtained before and during execution of the search warrant.  The record

Amendments."[13]  Defendant Schmidt did not prepare the search warrant application, though he

did prepare and sign the Hennepin County criminal complaint[14] which references the search

address and Carter's residence as the upper duplex unit.  Finally, plaintiff alleges that defendant

Taylor, in her capacity as prosecutor, failed in her duty to "properly investigate the False

information, about Carter's residence stated in the search and arrest, warrant which failed to

corroborate the alleged CI's report that Carter resided at 1931 Fillmore St NE upper unit

duplex,"[15] and that she deprived him of liberty, due process, and equal protection of the law in

violation of the Fourth, Fifth, and Fourteenth Amendments, in regards to residence information

presented in the search and arrest warrants.[16]  In Minnesota state court criminal appeal

proceedings plaintiff Carter argued "that a search warrant authorizing the search of his residence

was not supported by probable cause and contained material misrepresentations or omissions."

State v. Carter, 2007 WL 582903 at *1.  Carter specifically claimed that the warrant affiant,

defendant Blauert, had falsely stated that Carter resided in the upper unit of the search location.

Id. at *5.  The Minnesota Court of Appeals found that the plaintiff presented no grounds for

invalidating the search and seizure warrant, without regard to whether the challenged affidavit

---

in this action contains no formal arrest warrant.  The criminal complaint was the formal charging
document, prepared and executed after the actual arrest.  The document was not itself the basis
for the arrest, although it recites evidence that provided probable cause for the arrest and
charges.  Since the actual arrest occurred prior to issuance of the complaint, neither the
document nor its contents can provide the basis for constitutional claims relating to the arrest
itself.

[13]  Complaint, ¶ 26, pp. 5-6.

[14]  Plaintiff's "Motion to File this Amended Complaint . . .", Exhibit–9.

[15]  Complaint, ¶ 30, page 6.

[16]  Id., ¶¶ 41-46, page 8.

information was accurate. Id. at *6. In essence, Carter presented an issue that was not material to Fourth Amendment probable cause for the warrant to search the designated location.

Collateral estoppel may be applied when a plaintiff commences a § 1983 action in federal court based upon issues decided against him in state criminal proceedings. Crumley v. St. Paul, 324 F.3d 1003, 1006 (8th Cir. 2003) (citing Allen v. McCurry, 449 U.S 90, 103 (1980)). "'[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision may preclude re-litigation of the issue in a suit on a different cause of action involving a party to the first case.'" Id. (citing W.F.M., Inc. v. Cherry County, 279 F.3d 640, 643 (8th Cir. 2002) (quoting Allen, 449 U.S. at 94)). In applying collateral estoppel the federal court gives the prior state court judgment the same preclusive effect that would be given under the law of the state in which the judgment was rendered. Id. (citing W.F.M., 279 F.3d at 643). Under Minnesota law, collateral estoppel may apply if: (1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estoppel party was party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue. Id. (citing Willems v. Comm'r of Pub. Safety, 333 N.W.2d 619, 621 (Minn 1983)).

Though plaintiff in this § 1983 case focuses on the fact claim regarding his duplex residence, the clear constitutional challenge is to probable cause and the validity of the search warrant. Indeed, if he is not contesting the warrant validity, he has not even presented an identifiable constitutional issue. Consequently, and despite Carter's insistence to the contrary,[17]

---

[17] See Plaintiff's "Motion to Amend with Memorandum of Law Local Rule 7.1  42 U.S.C. § 1983 Civil Action in Opposition to Defendant's Motion to Dismiss" [Docket No. 61].

the Fourth Amendment issue in this case is substantively identical to the probable cause issue in the prior Minnesota state court criminal adjudication.  Furthermore, there was a final judgment on the merits of the criminal action, i.e. conviction; Mr. Carter was a principal party in the state criminal case, i.e. the defendant; and Carter had a full and fair opportunity to litigate the search warrant issues in the criminal matter.  Therefore, to the extent that plaintiff purports to allege either a due process or an equal protection cause of action, the court herein concludes that such claim relies entirely upon the validity of the search warrant and is barred by collateral estoppel. Likewise, claims against Andrew Schmidt, as the officer who signed the post-arrest criminal complaint, and Anne Taylor, the prosecuting attorney who signed the complaint are also precluded because the claims arise out of an effort to relate the actions of those defendants back to the search warrant and duplex address issues that were definitively resolved in state court proceedings.

**Heck v. Humphrey.**  The complaint in this case simply alleges violation of plaintiff's due process and equal protection rights under the Fourth, Fifth, and Fourteenth Amendments, without any substantive description of the nature and elements of such claims. Defendants contend that the action is barred under the ruling in <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364 (1994).  As presented in this instance the claims are intrinsically based upon an alleged unlawful search and seizure warrant.  Plaintiff Herbert Carter was arrested at the scene during a search warrant execution and subsequently charged with promoting prostitution. In the state criminal proceeding Carter moved to suppress evidence obtained by search and seizure.  Hearing was held on the motion and suppression was denied.  Plaintiff was

14

subsequently convicted by a jury and sentenced to a 158-month term of imprisonment.  The suppression decision and conviction were affirmed on appeal.[18]

The current § 1983 complaint contains a general description of pertinent events and discusses facts surrounding the search warrant application and execution, but plaintiff's claims essentially rely upon the mere contention that his constitutional rights were violated because the search location was not correctly stated and the search and seizure was therefore unlawful.  The full record in this matter contains predicate facts which establish as a matter of law that plaintiff has no basis for an unlawful search and seizure claim, and therefore reveals his premise to be legally incorrect.  In light of such record each of the defendants have alternatively moved for dismissal on grounds that the case is an impermissible challenge to the criminal conviction and is therefore barred by Heck.  In that case the court expressly stated that civil rights actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.  Id.  Plaintiff Carter insists that the present action does not represent an attack on the criminal conviction[19] and contends that his suit for damages is an example of a case that should be allowed to proceed under Heck v. Humphrey, 114 S.Ct. at 2372-73 n.7.  Footnote 7 indicates that a civil suit for damages based upon an unlawful search might be permissible if evidence obtained in an unlawful search was received at the criminal trial as the result of doctrines such as independent source or inevitable discovery, or the receipt was harmless error, but in those

---

[18]  State v. Carter, 2007 WL 582903.

[19]  [Docket No. 24], Plaintiff's Memorandum of Law, page 1.  Plaintiff states, "Carter, did not in any way relate in my initial complaint that I was challenging the conviction, for which I was sentenced, . . . . I am challenging my false, unlawful, illegal arrest, that, that, was obtained throught fraud and deceit."  See also [Docket No. 34], Carter's Affidavit Reply to Defendant Taylor's Memorandum in Opposition to Carter's Motion for Summary Judgment, page 10.

instances the criminal suppression ruling on the legality of the search itself is not under attack.

Plaintiff's argument is disingenuous and his reliance upon footnote 7 exceptions, or a meaningful

distinction between " challenging the conviction" and "challenging [the] arrest," is misplaced.  A

determination in this civil case that the search warrant was unlawfully obtained and executed in

violation of plaintiff's constitutional rights would place the suppression order and conviction

into question, even in the absence of any recourse in the criminal case.  The complaint expressly

alleges that misconduct by each of the defendants with respect to the search warrant and the

warrant address deprived the plaintiff of his liberty.  He offers no comprehensible explanation as

to how he has suffered monetary damages resulting from alleged constitutional violations by any

defendant.  Moreover, Carter makes no assertion that evidence obtained as a result of the search

warrant was not necessary to his conviction or that such incriminating evidence would have been

admissible under alternative theories even if the search warrant evidence had been suppressed, or

his arrest was found to be unlawful.  Under these circumstances the § 1983 constitutional claims

against defendants Taylor, Blauert, and Schmidt are barred under the <u>Heck v. Humphrey</u> ruling

and the complaint should be dismissed.

     **Malicious Prosecution.**  Defendant Taylor also moved to dismiss on grounds that

a presumed claim of malicious prosecution was not actionable, referring to Complaint §§ 41-46,

page 8.  The actual form complaint does not expressly assert a cause of action for malicious

prosecution, though plaintiff discusses such allegations in a "Memorandum of Law in Support of

Complaint," filed contemporaneously with the pleading.[20]  There is no recognized claim for

---

[20]  Plaintiff himself states that defendant's contention that he has made a claim of
malicious prosecution is false, but rather, he asserts that "Ms. Taylor's actions were malicious
for conspiring to approve the charge complaint which she neglected to corroborate facts . . . "

16

constitutional injury under § 1983 based upon malicious prosecution.  See Pace v. Des Moines, 201 F.3d 1050, 1055 (8th Cir. 2000) (citing Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 977 (8th Cir. 1993)).  To the extent plaintiff seeks to allege a cause of action against defendant Taylor, for either malicious prosecution or malicious conspiracy with regard to the charging complaint, the claim should be dismissed.

**Prosecutorial Immunity.**  Defendant Anne Taylor moves to dismiss claims against her on grounds that she is entitled to prosecutorial immunity from suit.  In his complaint the plaintiff alleges that Taylor, acting as the State's prosecutor, failed in her duty to investigate and corroborate information relating to his residence location as stated in the search warrant application, and therefore deprived him of liberty without due process, and further deprived him of equal protection, in violation of the Fourth, Fifth, and Fourteenth Amendments.  By way of memorandum in support of his complaint, plaintiff expands his allegations to assert conspiracy among the defendants with regard to use of false information to obtain an unlawful arrest, and he itemizes several claims,[21] all of which ultimately rely upon contentions that the search warrant execution and his arrest were unlawful, and therefore the prosecution itself was malicious and in violation of the plaintiff's constitutional rights.  In his memorandum in opposition to dismissal[22] Carter cites Taylor's failure to drop charges against him after a witness recanted her statement as evidence of maliciousness.

--------

[Docket No. 36], Carter's Brief of Facts and Memorandum of Law Reply to Defendant Taylor's Memorandum in Opposition, page 9.  It is a distinction without a meaningful difference.

[21]  Plaintiff's Memorandum of Law in Support of Complaint and Preliminary Injunction, page 9  [Docket No. 2].

[22] [Docket No. 24].

Prosecutors may be protected by either absolute or qualified immunity from §1983 civil liability for actions taken pursuant to official duties.  Brodnicki v. Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).  When acting as an advocate for the state in a criminal prosecution, the prosecutor is entitled to absolute immunity.  Id. (citing Buckley v. Fitzsimmons, 509 U.S. 259, 113 S.Ct. 2606, 2615 (1993)).  The prosecutor is thereby protected from liability for actions such as initiating and pursuing a criminal prosecution, as well as other conduct intimately related to the judicial process.  Id. (citing Buckley).  Qualified immunity applies to a prosecutor's actions taken in an investigatory or administrative capacity.  Id. (citing Buckley).  Plaintiff Carter asserts no cognizable legal claims, and references no facts to suggest that Taylor was involved in any actions outside of her prosecutorial role which would deprive her of absolute immunity protection with regard to the prosecution of the case, or would deprive her of qualified immunity protection with regard to investigation or administration of this case.

**Plaintiff's Summary Judgment Motions.**  Plaintiff has filed a motion for summary judgment with respect to defendant Taylor, a separate motion for summary judgment with respect to defendant Blauert, and an additional separate motion for summary judgment on claims against defendants Blauert and Schmidt.  Each of plaintiff's motions is essentially a response to a motion to dismiss by a particular defendant(s), though plaintiff also submitted direct opposition memorandums with respect to each motion to dismiss.  Consequently, plaintiff has availed himself of every opportunity to present written argument on his claims in this case.  In any event, it is patently apparent that plaintiff's claims rest upon his allegations that defendants are responsible for misrepresentations, omissions, and/or "fabrications" relating to a search warrant affidavit, a criminal complaint, and the existence of seized buy money.  On the

other hand, defendant Taylor denies any participation in the search warrant application or execution, and contends that plaintiff's motion is primarily an ineffective attempt to rebut her claim of prosecutorial immunity. Taylor also argues that plaintiff's motion is premature because she is entitled to discovery on the claim and defenses. Defendants Blauert and Schmidt likewise assert that a motion for summary judgment prior to discovery is premature; they deny that any material representations were made in regards to the search warrant affidavit; and they contend that they are entitled to judgment as a matter of law pursuant to their own motion to dismiss.

Plaintiff's motions for summary judgment in this matter should be denied for all the reasons discussed above with respect to defendants' motions to dismiss. Moreover, even in the event that defendants are not entitled to immediate dismissal, summary judgment in plaintiff's favor on the current record would be inappropriate in light of defendants' right to discovery. Fed. R. Civ. P. 56(f) provides that a motion for summary judgment may be denied if a party opposing summary judgment shows by affidavit that it cannot present facts essential to justify its opposition. In this instance defendant's Blauert and Schmidt submit the Affidavit of James Moore stating that there has been no discovery in this matter, and that discovery and opportunity to fully review records from underlying criminal proceeding is necessary to properly respond to plaintiff's claims. Defendant Taylor submitted the Affidavit of Daniel Rogan to establish that discovery had not been conducted and was necessary to produce evidence to rebut plaintiff's claims and support her defenses.

As indicated by both content and timing, plaintiff's motions for summary judgment were brought in response to defendant's motions for dismissal, and are procedurally premature under circumstances in which the opposing party asserts that discovery would result

in the production of evidence which would preclude summary judgment.  For reasons discussed above, the court is fully persuaded that discovery in this matter is not required to secure evidence necessary to a decision on the defense dismissal motions now before the court, but the court nonetheless concludes that defendants would be entitled to conduct discovery on matters raised by plaintiff on motions for summary judgment, and plaintiff's motions should therefore be denied.  In particular, the court notes that plaintiff's claims are dependent upon his disputed contentions that constitutionally material misrepresentations were made by defendants as previously described, and the court concludes that defendants should not be compelled to fully respond to summary judgment motions without the benefit of discovery.

## Qualified Immunity

The defendants in this action have further asserted that claims against them individually are barred on qualified immunity grounds.[23]  The doctrine of qualified immunity protects a defendant from liability for alleged misconduct which he reasonably believed to be lawful or which was not clearly established as unlawful at the time the conduct occurred.  The Supreme Court has long held that a state officer sued in his or her individual capacity "may assert personal immunity defenses, such as objectively reasonable reliance on existing law."  Hafer v. Melo, 502 U.S. 21, 25; 112 S.Ct. 358, 362 (1991).  Thus,  government officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known," are shielded from liability for civil damages.  Hartley v. Fine, 780 F.2d 1383, 1387 (8th Cir. 1985) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818

---

[23]  Defendant Taylor asserts qualified immunity as a direct defense to the alleged claims, while defendants Blauert and Schmidt have argued that qualified immunity applies to preclude plaintiff's motion for summary judgment.

(1982)).  The qualified immunity standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law."  Wiegand v. Spadt, 317 F.Supp.2d 1129, 1137 (D.Neb. 2004) (quoting Hunter v. Bryant, 502 U.S. 224, 229, 112 S.Ct 534, 537 (1991)).  Qualified immunity is immunity from suit rather than a mere defense and should be decided by the court long before trial, though the plaintiff is given the benefit of all relevant inferences on summary judgment, and a party is not entitled to summary judgment on qualified immunity grounds where genuine dispute exists concerning predicate facts material to the issue.  Wiegand v. Spadt, 317 F.Supp.2d at 1137 (citing Pace v. City of Des Moines, 201 F.3d 1050, 1056 (8th Cir. 2000)).  "Predicate facts" consist of only the relevant circumstances and the acts of the parties themselves, and do not include the conclusions of others with regard to the reasonableness of those actions.  Wiegand at 1137 n.3 (citing Pace, 201 F.3d at 1056).

Defendants in this matter assert that as a matter of law there was no violation of plaintiff's constitutional rights, and that they are therefore entitled to qualified immunity protections from liability for individual damages.  Upon review of the record before the court and considering all the evidence in the light most favorable to the plaintiff, and further based upon its determination herein that there have been no violations of plaintiff's constitutional rights, the court concludes as a matter of law that plaintiff cannot show that the conduct of any defendant violated clearly established statutory or constitutional rights of which a reasonable person would have known.  Defendants are entitled to qualified immunity from individual liability for money damages on all constitutional claims alleged in this matter.

Based upon the foregoing discussion, along with the pleadings, exhibits, affidavits, and memorandums:

**IT IS HEREBY RECOMMENDED** that:

1.  Defendant Anne Taylor's Motion to Dismiss be **granted** [Docket No. 17];

2.  Defendants Darren Blauert and Andrew Schmidt's Rule 12 Motion to Dismiss be **granted** [Docket No. 44];

3.  Plaintiff Herbert Louis Carter, Jr.'s Motion for Summary Judgment by Plaintiff. [F.R.C.P. Rule 56(a)] 42 U.S.C. § 1983, relating to claims against defendant Taylor, be **denied** [Docket No. 28];

4.  Plaintiff Herbert Louis Carter, Jr.'s Motion for Summary Judgement by Plaintiff  [F.R.C.P. Rule 56(a)], relating to claims against defendant Blauert, be **denied** [Docket No. 49];

5.  Plaintiff Herbert Louis Carter, Jr.'s Motion for Summary Judgement. [F.R.C.P. Rule 56©, and Rule 56(a), relating to claims against defendants Blauert and Schmidt, be **denied** [Docket No. 53]; and

6.  Plaintiff Herbert Louis Carter, Jr.'s complaint pursuant to Title 42 U.S.C. § 1983 be **summarily dismissed** with prejudice  [Docket No. 1].  The court must dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b)(1).  By Order dated September 25, 2007, plaintiff was permitted to proceed *in forma pauperis*, but was further advised that the court would defer ruling on the legal sufficiency of the complaint pending receipt of responsive pleadings from the defendants.  Defendants thereafter moved to dismiss on multiple grounds.  Upon consideration of defendants' motions to dismiss and supporting materials, as well as plaintiff's dispositive motions and written arguments and submissions, the court finds that the complaint fails to state a cause of

action against any defendant and that plaintiff's claims in this action are frivolous as a matter of

law; summary dismissal of this action is appropriate; and such dismissal should be treated as a

strike pursuant to 28 U.S.C. § 1915(g).


Dated:    August 18, 2008


       s/Arthur J. Boylan
       Arthur J. Boylan
       United States Magistrate Judge


       Pursuant to Local Rule 72.2(b), any party may object to this Report and
Recommendation by filing with the Clerk of Court, and by serving upon all parties, written
objections which specifically identify the portions of the Report to which objections are made
and the bases for each objection. Written objections shall be filed with the Clerk of Court and
served upon opposing parties before September 5, 2008.  This Report and Recommendation does
not constitute an order or judgment from the District Court and it is therefore not directly
appealable to the Circuit Court of Appeals.