UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-4021(DSD/AJB)

Herbert Louis Carter, Jr.,

       Plaintiff,

v.                             **ORDER**

Anne Taylor, State Prosecutor
for Hennepin County, Officers
Darren Thomas Blauert and
Andrew Schmidt, Mpls. Police
Officers, Individual Claims
Against each Party,

       Defendants.


This matter is before the court upon petitioner's pro se objection to the report and recommendation of Magistrate Judge Arthur J. Boylan dated August 18, 2008. In his report, the magistrate judge recommends that the court grant defendant Hennepin County prosecutor Anne Taylor's motion to dismiss; grant defendants Minneapolis police officers Thomas Blauert's and Andrew Schmidt's motion to dismiss; and deny plaintiff Herbert Louis Carter, Jr.'s three motions for summary judgment. The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b).


## BACKGROUND

Carter sued defendants in their official and individual capacities pursuant to 42 U.S.C. § 1983, alleging violations of his

rights under the fourth, fifth and fourteenth amendments to the United States Constitution.  These allegations arise from Carter's arrest and prosecution in Minnesota state court for solicitation, inducement and promotion of prostitution.  See State v. Carter, No. A05-1614, 2007 Minn. App. Unpub. LEXIS 209, at *1-6 (Minn. Ct. App. Feb. 27, 2007).[1]

Carter's claims against the individual defendants are premised on the alleged inaccuracy of the affidavit supporting the search warrant used at the time of his arrest.  Specifically, Carter claims that the affidavit wrongly indicated that he resided in the upper unit of a duplex.  Carter now argues that his constitutional rights were violated because this misinformation was used to pursue charges against him.[2]

## DISCUSSION

I.  **Report and Recommendation**

    A.  **Individual Liability**

Based upon the above allegations, the magistrate judge correctly noted that in this § 1983 action, Carter's "clear constitutional challenge is to probable cause and the validity of

---

[1] A jury convicted Carter and the state district court sentenced him to 158 months imprisonment.  Id. at *6.

[2] Blauert prepared and signed the warrant application and supporting affidavit, Schmidt served as the complaining officer on the criminal complaint and Taylor was the prosecuting attorney and also signed the complaint.

the search warrant." (R&R at 13.) Therefore, the court adopts the report and recommendation's dismissal of Carter's claims to the extent that they purport to allege equal protection or due process violations. (<u>Id.</u> at 11.) Further, the magistrate judge properly recommends dismissal of Carter's claims against the individual defendants on the basis of collateral estoppel, <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), prosecutorial immunity[3] and qualified immunity. (R&R at 11-16, 20-21.) In addition, to the extent Carter alleges a malicious prosecution claim against Taylor, the court agrees with the magistrate judge that the Eight Circuit does not recognize such a cause of action under § 1983. (<u>Id.</u> at 16-17.)

**B.  Municipal Liability**

The court interprets Carter's claims against the defendants in their official capacities as claims against Hennepin County. <u>See</u> <u>Rumery v. Outboard Marine Corp.</u>, 172 F.3d 531, 535 (8th Cir. 1999) ("A suit against a public employee in his or her official capacity is merely a suit against the public employer."). The magistrate judge erroneously determined that state sovereign immunity precluded suit against Hennepin County. <u>See</u> <u>Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 280 (1977) ("The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances, but does not extend to counties and similar municipal corporations." (citations

---

[3] This basis for dismissal only applies to Taylor.

omitted)).  Nevertheless, the court determines that Carter has not stated a claim against the County.

Municipalities are not vicariously liable under § 1983 for an employee's unconstitutional acts.  Szballa v. City of Brooklyn Park, 486 F.3d 385, 389 (8th Cir. 2007) (en banc) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)).  Rather, municipal liability exists only if a plaintiff establishes that a municipal policy or custom is the moving force behind the constitutional violation, Wedemeier v. City of Ballwin, 931 F.2d 24, 26 (8th Cir. 1991), and that the municipality implemented that policy or custom in a manner that reflects a "deliberate indifference" to constitutional rights, Lund v. Hennepin County, 427 F.3d 1123, 1125 (8th Cir. 2005) (citing City of Canton v. Harris, 489 U.S. 378, 388-91 (1989)).  Moreover, a plaintiff must show an affirmative link between the policy and the particular constitutional violation alleged.  City of Oklahoma v. Tuttle, 471 U.S. 808, 824 n.8 (1985).

In this case, Carter has not identified any express policy or custom of Hennepin County that was the moving force behind any of the constitutional violations alleged.  Therefore, the court dismisses the claims against the County.

## II.  New Motions

In addition to objecting to the magistrate judge's report and recommendation, Carter filed three new motions.  Two of the motions

seek leave to amend his complaint and the third seeks judgment on the pleadings.

### A.    Motions to Amend

Carter moves to amend his complaint to allege that the defendants violated his constitutional rights by fabricating the "buy money" used during the execution of the search warrant.   The court interprets Carter's claim as a challenge to the probable cause supporting his arrest.   See Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) ("Civil rights pleadings should be construed liberally." (citation omitted)); Miles v. Ertl Co., 722 F.2d 434, 434 (8th Cir. 1983) ("Pro se pleadings must be construed liberally." (citation omitted)).

Carter challenged the foundation for the "buy money" in his state criminal proceeding and did not pursue the issue on appeal. (See Moore Aff.)   Therefore, he is estopped from relitigating the issue in this proceeding.   See Crumley v. City of St. Paul, 324 F.3d 1003, 1006 (8th Cir. 2003) (precluding issues decided in state criminal proceeding from relitigation in § 1983 action).   Moreover, a determination in this § 1983 action that Carter's arrest was not supported by probable cause would imply the invalidity of his conviction.   Therefore, the claim is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (complaint must be dismissed if judgment in plaintiff's favor "would imply the invalidity of his conviction").   Accordingly, although "leave to amend should be

5

granted liberally when justice so requires," <u>Frey</u>, 44 F.3d at 672, the court denies Carter's motion because his proposed amended complaint fails to state a claim upon which relief can be granted.

**B.   Motion for Judgment on the Pleadings**

Carter further moves for judgment on the pleadings.  In light of the court's determination that Carter has not stated a claim upon which relief can be granted, his motion for judgment on the pleadings is denied.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.   Defendant Taylor's motion to dismiss [Doc. No. 17] is granted.

2.   Defendants Blauert's and Schmidt's motion to dismiss [Doc. No. 44] is granted.

3.   Plaintiff Carter's motions for summary judgment [Doc. Nos. 28, 49, 53] are denied.

4.   Plaintiff Carter's motion for a jury trial [Doc. No. 57] is dismissed as moot.

5.   Plaintiff Carter's motions to amend [Doc. Nos. 83, 87] are denied.

6.   Plaintiff Carter's motion for judgment on the pleadings [Doc. No. 93] is denied.

7.   This action is dismissed in its entirety with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 30, 2008

s/David S. Doty
David S. Doty, Judge
United States District Court